(33 App. Div. 140.)

LORTON et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    August 10, 1898.)

CITY—CONTRACT TO MAINTAIN PIER—BREACH.

A grantee from New York City of land on the east side of West street, including the right to wharfage and cranage from a wharf to be erected by him on the opposite or water side of the street, subsequently agreed with the city that, so long as it should keep open a basin or public slip opposite his lot, it might have all the wharfage and cranage therefrom. Thereafter the city constructed and maintained such a basin and piers; but after many years a new marginal wharf was constructed, extending 180 feet west of the west side of the street, thus removing the basin or public slip that much further from the grantee's lot, but leaving the entire intervening space permanently open and unobstructed. *Held*, in an action by the grantee's successors in interest, that the city had not thereby ceased to maintain a public slip opposite the plaintiffs' lot, in the sense originally contemplated.

Appeal from special term.

Action by Alfred H. Lorton and others against the mayor, aldermen, and commonalty of the city of New York. From a judgment entered on the decision of the court at special term, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Frank A. Irish, for appellants.
Theodore Connoly, for respondent.

RUMSEY, J. On the 20th of February, 1804, the defendant conveyed to one Lewis Lorton a certain lot under water on the south side of Spring street, extending from high-water mark to the east side of what is now West street, in the city of New York. By the terms of this conveyance, Lorton agreed to fill in, in front of the lot so conveyed, for 70 feet westerly to the west side of what was intended to be West street, and to do other filling upon the lot, which it is not necessary now to consider. In consideration of this work, and of a certain rent to be paid, the defendant authorized Lorton to take and enjoy the wharfage and cranage and all advantages and emoluments growing or accruing by or from the use of the wharf on the west side of West street, to be constructed by Lorton in pursuance of the agreements in the deed. Before anything had been done by him under the deed, and on the 1st day of March, 1804, Lorton executed to the defendant a deed reciting the deed of February 20, 1804, made by the defendant to

him, and reciting, further, that, since the making of that deed, the defendant, with the consent of Lorton, had made a bulkhead or wharf across the westerly end of the water lot which was conveyed to Lorton by the deed of February 20th, whereby the right of Lorton to take the wharfage and cranage in that deed assigned would become incompatible with the plan and design of the defendant, and disadvantageous to it. After those recitals, Lorton agreed with the defendant that until West street was finally made, and thence afterwards so long as the city should think it advisable to reserve and keep open a public slip or basin in front of that lot, the city and its successors might have, use, and take to itself all wharfage, cranage, advantages, and emoluments that might arise or accrue from the said public wharf or pier across the westerly end of said premises on the east side of West street, and also from West street opposite to the said premises, so long as the slip or basin should be reserved. After the making of this last deed, the city constructed a bulkhead on the westerly line of West street, and two piers extending into the river, so that there was, in front of the premises conveyed to Lorton and other premises, a public basin at which vessels might lie. This basin and these piers were completed in 1828 or 1830. After the making of the deed by Lorton, neither he nor his successors made any claim to the wharfage from this pier which constituted the west side of West street. This was the condition of affairs until 1874, when, in pursuance of chapter 574 of the Laws of 1871, a plan for the improvement of the water front was made and approved, which provided for the building of a new marginal wharf in front of these premises, the inner line of which should be the same as the then west line of West street, and the outer line a wall parallel to that, and 180 feet further west. The plan also included piers projecting from the outer wall for a considerable distance into the river. The effect of carrying out this plan would be to extend West street to a width of 250 feet, to take away the two small piers which were finished in 1828, and to remove the slip at which vessels might lie 180 feet further to the west than it existed at the time of the passage of the act of 1871. This improvement was carried out, and thereupon the plaintiffs, who have succeeded to the rights of Lorton, brought this action, having for its object either to compel the city to remove the new bulkhead on the line of the water front as established pursuant to the act of 1871, and replace the piers and wharf as completed in 1828, or to pay to them the value of their rights in the old wharf, which they claim were destroyed by the erection of the new improvement. The theory upon which the action is sought to be maintained is that by the establishment of a new water front, and the erection of a bulkhead across the basin, as it was finally finished in 1828, they have practically closed the public slip and basin which had been put there, and, that basin having been closed, the right of the city to take the wharfage had expired, and had vested again in the plaintiffs, as the successors to Lorton's title. Upon the trial, the court held that the plaintiffs had established no right of action, and dismissed the com-

plaint; and, from the judgment entered upon its decision, this appeal has been taken.

The plaintiffs base their right to recover upon the well-settled rule that the city, being the owner of the land under water for 400 feet outside of high-water mark, and having granted to Lorton the right to maintain a wharf within that limit, and to receive the fees for wharfage, cannot afterwards destroy that right without making compensation for the wharfage which it had granted. Langdon v. Mayor, etc., 93 N. Y. 129.   The defendant does not controvert the existence of this rule, nor does it deny that as the result of the conveyance of the 20th of February, 1804, Lorton acquired the right to maintain a wharf in front of his lands, and to receive the fees which were to be paid by vessels using that wharf, and that this right was a valuable one, which, if it existed in the form in which it was granted, could not be taken away without compensation.   But the defendant insists that as the effect of the agreement between it and Lorton on the 1st of March, 1804, this right of wharfage was released by Lorton, and vested in the city, so long as there should be kept open in front of these premises a public slip.   It insists, further, that the public slip was not closed by the widening of West street and the extension of the piers further into the river; but the only effect of that improvement was to change the location of the slip, so that there is still left in front of Lorton's premises a public slip or basin at which vessels may lie, and which will give to the property of the plaintiffs the same advantages which it had while the slip continued in its old situation.

It is not disputed that the new basin which is now erected is a public slip; but it is claimed by the plaintiffs that the slip referred to in the agreement of March 1, 1804, was the one then in contemplation, and that the city had no power to change the location of the slip, and, if it did so, it forfeited the right to wharfage which Lorton had granted only for so long a time as that slip should be maintained.   There is nothing in the deed made by Lorton which precisely fixes the location of the bulkhead then contemplated, although it is quite probable that the location of that bulkhead was fixed and was known to the parties.   It is clear, however, that, wherever the bulkhead was to be, the erection of it took away from Lorton the right to receive and take the wharfage and cranage theretofore conveyed to him, because that right was incompatible with the construction of the wharf upon the new line by the city. All that was left to Lorton was the advantage which he had because of his ownership of the land situated immediately east of West street, and facing upon that street.   This land was valuable because of its proximity to West street, and because vessels could discharge in front of it on the south side of the street.   The important thing, evidently, was that the wharf at which the vessels lay should be a public wharf, and should be in front of the land conveyed to Lorton, and which was to be filled in by him to the easterly side of West street.   So long as that condition of affairs existed, Lorton received the advantage which he contemplated at

the time he made his deed to the city. There is nothing in the change which has been made which takes away from Lorton the advantages given to him by the erection of the original bulkhead. He still has in front of his land a public slip. Nothing can be built between his land and the wharf at which the vessels now lie, and the new piers which have been erected afford much greater space for vessels to lie, and give them many more conveniences, than were afforded or given by the narrow piers which stood there before. There can be no presumption that any injury resulted to him from the change in the location of the slip so long as it still remains open and public in front of his premises, and so long as there is direct access from his premises to the slip as there was before. He still has everything which he contracted for, and everything which the city agreed to give him.

The case is not within the case of Langdon v. Mayor, etc., 93 N. Y. 129, above cited, with the other cases of that kind. In those cases the right of the plaintiffs to wharfage was an existing right of considerable value; and the establishment of the new exterior line by the board of dock commissioners, and the erection of a new bulkhead and piers, upon which they had no rights, took away, and was intended to take away, their rights of wharfage, and to vest those rights in the city for its benefit; and it was because the right of wharfage still existed, and was taken away by this improvement, that the court held the plaintiff was entitled to damages. But here there is no right of wharfage. That has been released, and Lorton received in lieu of it an agreement on the part of the city to keep open in front of his premises a public basin at which vessels might lie. In the absence of proof that the slip was to remain in the particular location, there is no reason to believe that it was within the contemplation of the parties that such changes should not be made in the slip as were necessary to permit ships to lie there; and the right to make such changes must necessarily have been reserved to the defendant, subject, however, to its duty to preserve at all times a public basin at which vessels might lie in front of the premises which had been conveyed to Lorton.

For these reasons, we think that the judgment of the court below is correct, and must be affirmed, with costs. All concur.